## Powell's Estate

Before Stearne, Sinkler, Klein, and Bok, JJ.
*William C. Schwebel*, for exceptants.
*Roland S. Grubb*, contra.

SINKLER, J., April 24, 1936.—O'Connor's Estate, 2 D. & C. 229, Schreckengost's Estate, 77 Pa. Superior Ct. 235, and other cases relied upon by exceptants are to the effect that the burden rests upon him who seeks to secure forfeiture of the rights of a surviving spouse; but that when he has proved that the surviving spouse left the common abode the burden shifts and he or she must prove that a willful and malicious desertion did not occur. In the present case it is not proven that the surviving spouse left the final common abode. He left the family home in Philadelphia. The wife followed him to Idaho and there lived with him four years. If his original leaving was willful and malicious desertion she condoned it. Her leaving

caused the final separation. There is no evidence of desertion, willful and malicious or otherwise, by either spouse.

The auditing judge correctly refused to hold that proof of nonsupport by the husband shifts the burden to him to show justification. He might well have held the evidence was not sufficient to establish failure to support. The testimony of the granddaughter upon the subject was properly stricken from the record. The grandson when asked whether decedent ever received support from her spouse replied, "to the best of my knowledge, no", and this is the only evidence in this respect.

The exceptions are dismissed and the adjudication is confirmed absolutely.